IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KARLA MCLAIN,<br>　　Plaintiff,<br><br>vs.<br><br>FOSSIL PARTNERS, LP, and<br>FOSSIL, INC.,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:13-cv-264 |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Karla McLain, Plaintiff, and files this original complaint against Fossil Partners, LP, (hereinafter "Fossil Partners") and Fossil, Inc. (hereinafter "Fossil') (hereinafter collectively "Defendants"), and would respectfully show the Court as follows:

### I.  PARTIES

1.　　Plaintiff is an individual residing in Grayson County, Texas.

2.　　Defendant Fossil Partners, LP is a domestic limited partnership doing business in Texas and may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

3.　　Defendant Fossil, Inc. is a foreign for-profit corporation doing business in Texas and may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## II. JURISDICTION

4. Jurisdiction is founded on federal question, specifically, 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended; 42 U.S.C. § 2000e, *et seq*. (Unlawful Employment Practices), as amended; and 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

5. All prerequisites to filing suit have been met.

## III. FACTS

6. Plaintiff was employed by Defendants at their facility located in Richardson, Texas for over fourteen (14) years. She began working there on or about February 25, 1998. On or about March 30, 2012, she was discharged. At the time of her discharge she was 53 years of age.

7. At the time of her discharge, she was a Lead-DC (Distribution Center) in the PTL (Put to Light) department. She supervised a unit of 27 associates who were responsible for packing orders (packwaves) for distributors.

8. On March 30, 2012, her supervisor, John Ortman (age approximately 40 years) told her she was being terminated for leaving without finishing her unit's packwaves for the day, despite having worked a nine-hour workday. Plaintiff's unit was unable to complete its packwaves that day because the products did not arrive in their unit in a timely and correct manner.

9. Upon information and belief, Plaintiff was replaced by a younger, less experienced individual, Idalid Gutierrez (age 26 years, Hispanic).

10. Other employees routinely took time off for doctor's appointments and other personal business without receiving "points".

11. The following employees told Plaintiff they were permitted to come late and leave early without accruing "points":

    1. Yolanda Jovel (age 32 years, Hispanic);

    2. Rosa Aguilar (age 32 years, Hispanic); and

    3. Alexander Gomez, a Lead (age approximately 35 years, Hispanic).

12. At the time of her discharge, Plaintiff was the only white Lead of approximately fifteen (15) Leads in the warehouse.

13. In addition, Plaintiff was given "points" for taking time off for doctor's appointments following a motorcycle accident in June 2011 in which she broke her left clavicle and when she had the flu in February 2011 which required a trip to the emergency room and hospitalization.

14. Due to her injury, Plaintiff had to wear a shoulder sling for approximately six weeks in 2011. During that time, she was made to remove her shoulder sling when going through the security scanner into and out of the warehouse because her sling set off the scanner. Every time Plaintiff had to go through the scanner to enter the front office area, the restroom, or the break room, she had to remove her sling.

15. In addition, Plaintiff was not allowed to take a clear plastic bag containing her prescribed medication and bandages into the warehouse.

16. These restrictions were made despite Plaintiff having a doctor's note authorizing her shoulder sling and medications.

17.     On March 30, 2012, Plaintiff asked to be moved to another department if Mr. Ortman did not want her to work for him. Jennifer Munoz, the Human Resources Manager, said that based on the information she had she could not "trust" Plaintiff to perform in another department and that it would be a "reward" to let Plaintiff transfer.

18.     At the time of her discharge, Plaintiff was earning approximately $14.75 per hour for 40 hours per week plus benefits, overtime, and bonuses.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

## Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended

19.     A.     Plaintiff alleges she was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended, protecting Plaintiff (53 years of age) from discrimination on the basis of age.

20.     B.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended.

21.     C.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended.

22.     D.     On or about September 19, 2012, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On April 1, 2013, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 28, 2013.

23.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

**Violations of 42 U.S.C. § 2000e, *et seq*. (Unlawful Employment Practices), as amended**

24. A. Plaintiff alleges that she was discharged in violation of 42 U.S.C. 2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff from discrimination in the workplace on the basis of race (white).

25. B. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

26. C. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

27. D. On or about September 19, 2012, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On April 1, 2013, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 28, 2013.

28. In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:

## COUNT III

**Violations of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended**

29. A. Plaintiff alleges that she was discharged in violation of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of her disability or perceived disability.

30. B. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

31. C. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

32. D. On or about September 19, 2012, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On April 1, 2013, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 28, 2013.

## V. DAMAGES

33. Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendants' wrongful conduct. Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967), as amended, 42 U.S.C. § 2000e, *et seq*. (Unlawful Employment Practices), as amended, and 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

## VI. ATTORNEY'S FEES

34. Plaintiff would show that, as a result of Defendants' wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

35. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


 /s/ Ronald R. Huff_____
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**